UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANA LOUISE SULZER,

     Plaintiff,

v.                              Case No:   6:14-cv-1650-Orl-41TBS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## REPORT AND RECOMMENDATION

     Plaintiff Dana Louise Sulzer brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for benefits under the Act.   I have reviewed the record, including the administrative law judge's ("ALJ") decision, the exhibits, the transcript of the hearing, and the joint memorandum submitted by the parties.   For the reasons that follow, I respectfully recommend that the Commissioner's final decision be **affirmed**, pursuant to sentence four of 42 U.S.C. § 405(g).

### Background

     Plaintiff filed applications for disability insurance benefits and supplemental security income on December 13, 2012, and December 21, 2012, respectively, alleging that she had been disabled since October 22, 2012 (Tr. 178-190).   Her claims were denied initially and on reconsideration, and Plaintiff requested a *de novo* hearing before an ALJ (Tr. 110-120, 128-138).   The ALJ conducted an administrative hearing on February 4, 2014 (Tr. 39-63).   At the hearing, Plaintiff was represented by counsel and

gave testimony, as did a vocational expert (Id.).   In a decision dated February 28, 2014, the ALJ concluded that Plaintiff was not disabled from October 22, 2012, through the date of the decision (Tr. 17-38).   The ALJ's decision became the Commissioner's final decision when the Appeals Council declined review on August 25, 2014 (Tr. 1-6).

When the hearing occurred, Plaintiff was 40 years old, she had an associate's degree in business and past relevant work as a cashier, office clerk, retail sales clerk, and telemarketer (Tr. 29, 32, 43, 211).   Plaintiff was last insured for disability insurance purposes on September 30, 2014 (Tr. 20, 224).

On appeal, Plaintiff argues that the ALJ erred in weighing the medical evidence (Doc. 13 at 17-20).   She complains that the ALJ gave great weight to the opinions of her treating oncologist, Dr. Perez-De Armas, but completely disregarded the doctor's opinions stated in a Cancer Impairment Questionnaire dated February 22, 2014, "wherein the doctor made clear that Plaintiff had not improved to a degree she could return to work."   (Id. at 17).   Plaintiff also argues that the ALJ erred by discounting her credibility due to her failure to quit smoking (Id. at 24-27).

### The ALJ's Decision

In determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Commissioner and set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).   The Commissioner must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy.   See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004).   The claimant bears the burden of

persuasion through step four and at step five, the burden shifts to the Commissioner.

Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

Here, the ALJ performed the required five-step sequential analysis (Tr. 21-22).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity

since October 22, 2012 (Tr. 22).   At step two, the ALJ determined that Plaintiff had the

following combination of severe impairments: breast cancer, status post lumpectomy,

radiation, and chemotherapy; peripheral neuropathy; hypertension; and obesity (Tr. 22-

24).   At step three, the ALJ found that Plaintiff did not have an impairment or combination

of impairments that met or medical equaled the severity of one of the listed impairments

(Tr. 24).   Next, the ALJ found that Plaintiff retained the residual function capacity to

perform the full range of sedentary work[1] (Tr. 24-32).   At step four, the ALJ relied in part

on the testimony of the vocational expert to determine that Plaintiff was capable of

performing her past relevant work as a telemarketer (Tr. 32).   Based on this finding at

step four, the ALJ concluded that Plaintiff had not been under a disability as defined in the

Act, from October 22, 2012, through the date of the decision (Tr. 33).

Standard of Review

The scope of the Court's review is limited to determining whether the

Commissioner applied the correct legal standards and whether the Commissioner's

findings are supported by substantial evidence.   Crawford v. Comm'r of Soc. Sec., 363

F.3d 1155, 1158 (11th Cir. 2004).   The Commissioner's findings of fact are conclusive if

supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is "more

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

than a scintilla but less than a preponderance.   It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.   Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id.   "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote, 67 F.3d 1533, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

A. The February 22, 2014 Cancer Impairment Questionnaire

On November 20, 2013, Dr. Perez-De Armas concluded that Plaintiff had no work restrictions and released her to perform activities with the same degree as she had prior to her cancer (Doc. 13 at 17).   The administrative hearing was held approximately 2 ½ months later, on February 4, 2014.   Eighteen days after the hearing, Dr. Perez-De Armas completed the "Cancer Impairment Questionnaire."   (Exhibit 14F, Tr. 793-799).   When Dr. Perez-De Armas answered the questionnaire he changed his opinion and prognosis and according to Plaintiff, "made clear that Plaintiff had not improved to a degree she could return to work" (Id.).   Plaintiff contends that the ALJ erred by failing to consider the

post-hearing questionnaire and by failing to incorporate its "well-supported" limitations into her residual functional capacity assessment in violation of <u>Winschel</u> (<u>Id.</u> at 17-20).

Plaintiff does not make any allegations regarding when the completed questionnaire was sent to the ALJ, but the facsimile header stamp on the document reads "02/24/2014" (<u>Id.</u>).   There is no cover page or letter calling the questionnaire to the ALJ's attention, and the ALJ did not refer to the questionnaire in her written decision.[2]   The Commissioner argues that Dr. Perez-De Armas' opinion expressed in the questionnaire is so patently deficient and unsupported by the record that the Court should regard any error by the ALJ as harmless.

The Commissioner makes no argument concerning whether the questionnaire was properly before the ALJ or whether the ALJ had a duty to consider the questionnaire. While it would have been better if the Commissioner had raised this point, I have reviewed the record and it is clear that Plaintiff has not met her threshold burden of showing that the questionnaire was properly made part of the record before the ALJ. The Commissioner's regulations require a claimant to submit all medical evidence no later than five business days prior to the scheduled administrative hearing.   20 C.F.R. § 405.331(a); <u>Ithier v. Astrue</u>, No. 1:11-cv-238-GRJ, 2013 WL 1092197, at *9 (N.D. Fla. Mar. 14, 2013).   If a claimant fails to comply with this requirement, the ALJ may decline to consider the evidence unless the claimant shows

> That there is a possibility that the evidence, alone or when considered with the other evidence of record, would affect the outcome of [Plaintiff's] claim, <u>and</u>:
>
> (1)   [The Commissioner's] actions misled [the claimant];

---

[2]   The questionnaire appears on the Court's exhibit list as exhibit 14F. The ALJ refers to "Ex. 14F/129" in the written opinion (Tr. 25), but this is a scrivener's error.   The document to which the ALJ refers is actually found in exhibit 13F at page 129, or page 789 of the global transcript.

> (2)  [The claimant] had a physical, mental, educational, or linguistic limitation(s) that prevented [her] from submitting the evidence earlier; or
>
> (3)  Some other unusual, unexpected, or unavoidable circumstance beyond [the claimant's] control prevented [her] from submitting the evidence earlier.

20 C.F.R. § 405.331(c) (emphasis added).   If a claimant fails to satisfy the requirements of section 405.331(a) or (c), then the ALJ is not required to consider the post-hearing evidence.

On the morning of the administrative hearing Plaintiff presented more than 150 pages of material to the ALJ in contradiction to 20 C.F.R. § 405.331(a) (Tr. 41).   The ALJ scolded Plaintiff's attorney for the late submission and asked if Plaintiff had any additional information to add to the record (Tr. 41-42).   Plaintiff's attorney said she did not (Tr. 42). The ALJ asked whether either party objected to the composition of the record and Plaintiff assured the ALJ that there were no objections (Tr. 43).   Then the ALJ received "Exhibits 1A through 13F" into the record (Id.).   After hearing Plaintiff's testimony and that of the vocational expert, the ALJ told Plaintiff she would render a written decision and concluded the hearing (Tr. 62).   Plaintiff did not ask the ALJ to leave the record open for any period of time for the submission of additional evidence.

It is evident that in making her decision, the ALJ did not consider the questionnaire.   What is not known is whether the ALJ knew the questionnaire existed and had been submitted just four days before she issued her decision.   Plaintiff certainly gave the ALJ no indication that the ALJ should expect additional evidentiary submissions. To the contrary, Plaintiff explicitly told the ALJ that she had no additional information beyond the 130 pages she submitted just before the hearing.

An orderly decision making process requires procedures and deadlines to insure finality in the submission of evidence to the ALJ.   Plaintiff disregarded those procedures and deadlines.   There is no evidence that Plaintiff or her lawyer made any attempt to comply with 20 C.F.R. § 405.331(c).   Plaintiff did not argue to the ALJ that there was a possibility the questionnaire, "alone or when considered with the other evidence of record, would affect the outcome of" the case.   Id.   Plaintiff also did not argue to the ALJ that the Commissioner's actions misled her; that she "had a physical, mental, educational, or linguistic limitation(s) that prevented [her] from submitting the evidence earlier;" or that "[s]ome other unusual, unexpected, or unavoidable circumstance beyond [Plaintiff's] control prevented [her] from submitting the [questionnaire] earlier."   Id.   Consequently, the ALJ was not required to consider the questionnaire or incorporate it into her written decision.   See Ithier, 2013 WL 1092197, at *9; see also Taylor v. Colvin, No. 12-4130-JWL, 2013 WL 6229370, at *2-3 (D. Kan. Dec,, 2013) ("Because plaintiff has not sustained her burden of establishing that the opinion was part of the record before the ALJ, the court finds no error in the ALJ's failure to consider it."); Leland v. Colvin, No. 1:13-cv-71-CAS, 2014 WL 25453, at *9 (N.D. Fla. Jan 2, 2014).   Accordingly, I respectfully recommend that the Court decline to consider the merits of Plaintiff's argument and reject her first claim of error on the part of the Commissioner.

   B.  Plaintiff's Pain Testimony

Plaintiff argues that the ALJ failed to correctly apply the Eleventh Circuit's pain standard when discrediting her pain testimony, in violation of SSR 96-7P (Doc. 13 at 24-27).   The Commissioner maintains that substantial evidence supports the ALJ's findings that Plaintiff's statements were not fully credible.   The Commissioner also argues that

the ALJ's finding is consistent with SSR 96-7p and the Eleventh Circuit's pain standard (Id. at 27-30).

Social Security Regulation 96-7p lists the following factors the ALJ should consider after a claimant presents evidence of an underlying medical condition capable of causing the alleged symptoms: "(1) the individuals daily activities; (2) the location, duration, frequency, and intensity of the individuals pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms." SSR 96-7p.

In the Eleventh Circuit, "[i]n order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)); Singleton v. Comm'r Soc. Sec., No. 6:12-cv-683-Orl-GJK, 2013 WL 5236678, at *5 (M.D. Fla. Sept. 17, 2013); see also SSR 96-7P, 1996 WL 374186, at * 2 (July 2, 1996).  "If the ALJ discredits subjective testimony, [s]he must articulate explicit and adequate reasons for doing so." Id.

Plaintiff argues that the ALJ: (1) failed to consider the impact the side effects of Plaintiff's cancer treatment have on her functionality; (2) failed to properly consider the questionnaire completed by Dr. Perez-De Armas; and (3) incorrectly concluded that smoking contradicted Plaintiff's allegations (Doc. 13 at 26).   I have already concluded that the ALJ's failure to consider the questionnaire was not error because it was not properly made a part of the administrative record.   See section A, supra.

Turning to Plaintiff's first argument, it is apparent from the ALJ's decision that she considered the admitted evidence, including Plaintiff's daily activities and treatment records referencing all side effects related to her cancer treatment, including cardiac impairment and neuropathy.   While the ALJ found that Plaintiff's impairments could reasonably be expected to cause her alleged symptoms, the ALJ concluded that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms was not entirely credible (Tr. 29-30).   In making this credibility determination, the ALJ considered Plaintiff's social functioning, as well as treatment records (and the lack thereof):

> The claimant acknowledged that she smokes a half a pack of cigarettes per day.   She stated that she is able to perform personal care independently, prepare simple meals [although possibly not by herself], attend her children's school activities, visit with family and friends, read books, use a computer, write a check and speak on the telephone.   She denied that she is able to load a dishwasher, do laundry, mop or sweep, dust, or do yard work ... The undersigned concludes that the claimant's obesity contributes to her functional limitations but does not result in limitations in excess of the residual functional capacity stated herein.   In terms of the claimant's alleged breast cancer, the condition resolved with treatment ... On November 20, 2013, Dr. Perez de Armas [sic] stated that the claimant was fully able to carry on all pre-disease activities without restrictions.   During her treatment, Dr. Perez de Armas opined that the claimant was capable of performing light and sedentary exertional work ... the claimant' breast

cancer status post lumpectomy, radiation, and chemotherapy would not have prevented her from engaging in sedentary exertional work during the alleged period of disability ... Although the claimant testified that she experienced blurry vision that interfered with her ability to drive, she never complained of this to any of her treating physicians ... The claimant did not seek any additional treatment nor did she undergo an eye examination ... The claimant alleges a back disorder; however, she never reported any back problems to her treating physicians ... The claimant's history of cardiomyopathy was resolving now after she discontinued taking Herceptin.   Dr. Perez de Armas believed that it was induced by chemotherapy ... Medications were working well and her cardiologist did not indicate she had any physical restrictions as a result of cardiovascular problems ... The claimant's pulmonary embolism resolved as evidenced in a chest x-ray on March 26, 2013, that revealed no acute disease ... Although the claimant was prescribed Ativan for anxiety during the alleged period of disability, she reported that she only had mild anxiety.   Her treating physician did not refer her for any mental health treatment and the claimant did not seek any treatment.   Per the claimant's testimony, Xanax alleviates her symptoms of anxiety and she acknowledged that her anxiety would not affect her ability to work ... Although Dr. Perez de Armas reported that the claimant suffered from peripheral neuropathy, he indicated that it was a side effect of Docetaxel.   He never referred her to a neurologist for testing or treatment and he consistently noted that she had no sensory deficits ... However, she did not continue to complain of it after September and testified that medication alleviated her symptoms.   Additionally, the undersigned notes that Dr. Perez de Armas stated in November 2013 that the claimant had no physical restrictions ... The claimant alleged that she suffers from migraine headaches; however, she only reported one headache during the alleged period of disability and indicated that it was different than a typical migraine headache.   She was never referred to [a] neurologist and an MRI of her brain was normal.   Additionally, she never sought any treatment for migraine headaches during the alleged period of disability.   The undersigned also notes that the claimant did not stop smoking throughout the alleged period of disability.   The claimant's testimony was not supported by and was inconsistent with the medical records in evidence. The medical records in evidence fail to confirm the subjective severity of her complaints and treatment for her complaints other than breast cancer were conservative.

(Tr. 28-31).

This leaves Plaintiff's third argument, concerning her smoking.   While continued smoking against the advice of a doctor does not *per se* disqualify a claimant from receiving Social Security benefits, it is a factor the ALJ can consider in determining a claimant's credibility.   See Seals v. Barnhart, 308 F. Supp. 2d 1241, 1249, 1251-52 (N.D. Ala. 2004); Gilmore v. Astrue, No. 309cv14/RV/EMT, 2010 WL 989635, at * (N.D. Fla. Feb. 18, 2010); see also Swope v. Colvin, No. 4:14-CV-0152-DGK-SSA, 2015 WL 1543290, at *3 (W.D. Mo. Apr. 7, 2015) ("[The ALJ] considered Plaintiff's continued smoking as one of many factors affecting his credibility, which is permissible.").   Here, the ALJ did not rely solely on Plaintiff's continued smoking in discounting her testimony; rather, the ALJ considered it as one of multiple factors used to determine that Plaintiff's symptoms were not as severe as she alleged.   Therefore, I respectfully recommend that the Court deny Plaintiff relief based upon the ALJ's determination of her credibility.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1.     The Commissioner's final decision in this case be **AFFIRMED**

2.     The Clerk be directed to enter judgment accordingly and **CLOSE** the file.

## Notice to Parties

A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation, waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

**DONE** and **ORDERED** in Orlando, Florida on February 3, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record