UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DANA LOUISE SULZER,**

      **Plaintiff,**

**v.**                                            **Case No:  6:14-cv-01650-Orl-41TBS**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

                                              /

## ORDER

THIS CAUSE is before the Court on the Complaint (Doc. 1) filed by Plaintiff Dana Louise Sulzer pursuant to 42 U.S.C. § 405(g), which seeks judicial review of the Commissioner of the Social Security Administration's ("Commissioner") decision denying Plaintiff's application for Supplemental Social Security Income benefits. On February 3, 2016, United States Magistrate Judge Thomas B. Smith issued a Report and Recommendation ("R&R," Doc. 14), recommending that the Commissioner's final decision be affirmed. Plaintiff filed an objection to the R&R, (Obj., Doc. 15), to which the Commissioner filed a response, (Resp., Doc. 16). After an independent *de novo* review of the record, the R&R will be adopted in part and rejected in part.

### I.  BACKGROUND

Neither party objects to the Magistrate Judge's recitation of the procedural history and administrative record. Therefore, the Court adopts that portion of the R&R as if fully set forth herein.

## II.    Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall conduct a *de novo* review of any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.    Analysis[1]

Plaintiff objects to the R&R on two grounds. First, Plaintiff asserts that the Magistrate Judge erred by concluding that the Administrative Law Judge ("ALJ") was not required to weigh post-hearing evidence that Plaintiff submitted from her treating physician. (Obj. at 2–3). Second, Plaintiff argues that the Magistrate Judge erred by determining that the ALJ properly weighed Plaintiff's credibility. (*Id.* at 3–4).

### A.    Post-Hearing Evidence

Prior to her administrative hearing ("Hearing"), Plaintiff submitted, among other things, opinions from her treating physician Dr. Perez De Armas. (TR. at 34–38, 42–43). As early as May 7, 2013, Dr. Perez De Armas opined that Plaintiff could not engage in "physically strenuous activity, but [that she was] ambulatory and able to carry out light or sedentary work." (*Id.* at 593–94). This medical opinion did not change until September 18, 2013, when Dr. Perez De Armas concluded that Plaintiff was "unable to perform any work activities." (*Id.* at 696–97).

---

[1] For clarity purposes, the Court will cite to any documents contained in the Transcript of Administrative Proceedings (Doc. 14) as (TR. at __).

A few months later, on November 20, 2013, Dr. Perez De Armas released Plaintiff to perform activities to the same degree as she had prior to her cancer diagnosis. (*Id.* at 675–76). Specifically, Dr. Perez De Armas opined that Plaintiff was "[f]ully active, able to carry on all predisease activities without restrictions." (*Id.* at 676).

On February 22, 2014, Dr. Perez De Armas prepared a Cancer Impairment Questionnaire ("Exhibit 14F") concerning the status of Plaintiff's health. (*Id.* at 793–99). In Exhibit 14F, Dr. Perez De Armas opined that Plaintiff, among other limitations, could only (1) sit for three hours in an eight-hour workday, (2) stand or walk for two hours in an eight-hour workday, (3) lift up to ten pounds occasionally, and (4) carry up to five pounds occasionally. (*Id.* at 796). Dr. Perez De Armas further opined that March, 2013 was the earliest date that these limitations applied to Plaintiff. (*Id.* at 799). As the basis for his conclusions, Dr. Perez De Armas stated that Plaintiff had "developed neuropathy and congestive heart failure as a result of breast cancer treatment." (*Id.* at 798). Plaintiff faxed a copy of Exhibit 14F to the ALJ on February 24, 2014,[2] nearly three weeks after the hearing, but four days before the ALJ's February 28, 2014 decision.

Notwithstanding the concerns articulated over the manner in which Plaintiff submitted Exhibit 14F to the ALJ, her submission was permitted by the applicable regulations of the Social Security Administration. *See Tyner v. Colvin*, No. 3:14-cv-645-J-MCR, 2015 WL 4080718, at *3 (M.D. Fla. July 6, 2015) ("The SSA's regulations and directives allow for a claimant to submit additional evidence after an administrative hearing but before the ALJ renders her decision." (quoting *Lord v. Apfel*, 114 F. Supp. 2d 3, 13 (D.N.H. 2000))).[3] Moreover, a review of the "List of

---

[2] Plaintiff does not make any allegations regarding the exact date she submitted Exhibit 14F to the ALJ, but the facsimile header stamp indicates that it was faxed on "02/24/2014." (TR. at 793–99).

[3] Both parties agree that 20 C.F.R. § 405.331(a)—which requires the claimant to submit any evidence to the ALJ no less than five days before a social security administrative hearing—

Exhibits," (TR. 34–38), reveals that Exhibit 14F was in the record, and therefore, properly before the ALJ before she rendered her decision, (*see id.* at 17–19 (noting that the "Exhibit List" and the ALJ's final decision were enclosed with the Notice of Decision)). Notably, the Commissioner does not dispute that Exhibit 14F was properly before the ALJ before she rendered her decision. (Resp. at 1–4). In fact, the Commissioner concedes that the ALJ did not address Exhibit 14F in her decision. (Joint Mem., Doc. 13, at 21).

While "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision," the Court must be satisfied that the "ALJ considered [the claimant's] medical condition as a whole." *Adams v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 531, 533 (11th Cir. 2014) (per curiam) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)). "[W]ithout clearly articulated grounds for such a rejection," this Court "cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011); *see also Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) ("Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." (quotation omitted)).

The Commissioner argues in conclusory fashion that Dr. Perez De Armas's opinion is "so patently deficient" and unsupported by the record that the Court should regard any error by the ALJ as "harmless." (Resp. at 3). However, based on the foregoing facts the Court cannot reasonably conclude that the ALJ's failure to develop the record with respect to Exhibit 14F was

---

does not apply to this instant case. *See* App. to Subpart A, 20 C.F.R. § 405 (explaining that § 405 applies only to claims filed in Maine, New Hampshire, Vermont, Massachusetts, Rhode Island, or Connecticut).

harmless. This is not a case where an unmentioned physician's opinion merely supported the ALJ's conclusion, and was thus unnecessary. To the contrary, Dr. Perez De Armas's opinion in Exhibit 14F materially conflicts with his previous opinion that Plaintiff was fully active and able to carry on all predisease activities without restrictions. Furthermore, the Court cannot say that Dr. Perez De Armas's opinion is patently deficient without reweighing the evidence and engaging in conjecture that invades the province of the ALJ. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (when reviewing the decision of the Commissioner, the district court "may not decide facts anew [or] reweigh the evidence" (quotation omitted)).

Accordingly, the Court concludes that the ALJ committed legal error by failing to address Exhibit 14F in her final decision. *See Bagley v. Astrue*, No. 3:08-cv-591-J-JRK, 2009 WL 3232646, at *5–8 (M.D. Fla. Sept. 30, 2009) (holding that it was legal error for the ALJ to fail to address evidence submitted by one of the claimant's treating physicians after the hearing but before the ALJ issued a decision); *see also Tyner*, 2015 WL 4080718, at *1–3 (same); *Keaton v. Astrue*, No. 1:12-cv-46-GRJ, 2013 WL 69155, at *4 (N.D. Fla. Jan. 4, 2013) (same).

### B.    Plaintiff's Credibility

In light of the Court's decision, it need not address the second argument regarding Plaintiff's credibility. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *see also Freese v. Astrue*, No. 8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008). The Commissioner's decision will be reversed and the case remanded with instructions to the ALJ to conduct the five-step sequential evaluation process in light of all the evidence, including Exhibit 14F.

## IV.    CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 14) is **ADOPTED in part** and made a part of this Order to the extent consistent with that stated herein. In all other respects, the R&R is **REJECTED** for reasons stated herein.

2. The Commissioner's final decision in this case is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.

3. Upon remand, the Administrative Law Judge shall conduct the five step sequential evaluation process in light of all the evidence, including Exhibit 14F.

4. The Clerk is directed to enter judgment accordingly and close this case.

5. If Plaintiff is to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) must be filed within thirty days of the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.

**DONE** and **ORDERED** in Orlando, Florida on March 14, 2016.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record