UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANA LOUISE SULZER,

    Plaintiff,

v.                                             Case No:   6:14-cv-1650-Orl-41TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Unopposed Motion for Attorney's Fees (Doc. 19).  Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff requests an award of fees **in the amount of $4,580.52.**[1] The schedule of hours attached to the petition confirms the attorneys' billable hours expended on the case (Doc. 19-4). Plaintiff also seeks recovery of costs **in the amount of $400.00** for the filing fee, payable out of the judgment fund administered by the United States Department of Treasury (Doc. 19 at 1).

Pursuant to M.D. FLA. R. 3.01(g), counsel for Plaintiff represents that the Commissioner has no objection to the petition for fees and costs (Id. at 2).   Plaintiff asserts that she is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified, and that her net worth at the time proceeding was filed was less than two million dollars.[2] (Id. at 1).

---

[1] Plaintiff's fee amount is calculated at the rate of $186.96 per hour.

[2] Under the EAJA, a claimant is eligible for an attorney fee award where:   (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special

On February 3, 2016, I entered a Report and Recommendation recommending that the ALJ's decision be affirmed (Doc. 14).  Plaintiff objected (Doc. 15) and on March 14, 2016, the district judge adopted in part and rejected in part the report and recommendation.  Ultimately, the district judge reversed and remanded the case back to the Commissioner for further proceedings consistent with his directives (Doc. 17).  The Clerk entered judgment the next day (Doc. 18).  Plaintiff filed her application for attorneys' fees on June 10, 2016 (Doc. 19).

Plaintiff attached a copy of her fee agreement, which includes her assignment of EAJA fees to her counsel (Doc. 19-5).  In light of the assignment, Plaintiff requests (and Defendant agrees) that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt.  If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provisions of the EAJA, the undersigned respectfully recommends that the district judge **GRANT** Plaintiff's unopposed motion for attorneys' fees (Doc. 19). Accordingly, it is respectfully recommended that the district judge award Plaintiff attorneys' fees in the amount of **$4,580.52** and costs in the amount of $400.00 for the filing fee, to be paid out of the judgment fund.  It is further recommended that the district court authorize payment to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and

---

circumstances which would make the award of fees unjust.   28 U.S.C. § 2412(d).

Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 14, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record